IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>C.N.B. CONSTRUCTION LLC,<br>　　　　Defendant. | CASE NO.:  2:21-cv-213 |

## COMPLAINT

The Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund, by their undersigned attorney, hereby complain of Defendant C.N.B. Construction LLC as follows:

### JURISDICTION AND VENUE

1.　This complaint is brought under, and this Court has jurisdiction pursuant to, Section 502(a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1), and (f); and Section 301(a) of the Labor Management Relations Act of 1947, (hereinafter "LMRA"), as amended, 29 U.S.C. § 185(a).

2.　This action may properly be brought in the Northern District of Indiana, and venue is proper in this district, pursuant to the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 29 U.S.C. § 1391(b) and (c), in that Plaintiffs' Fund offices are located at 1300 Clark Road, Gary, Lake County, Indiana, the Funds are administered at that address, in

the Northern District of Indiana, and the claims of the Plaintiffs arose therein.

## PARTIES

3. Plaintiffs are the Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund (hereinafter the "Funds"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2). The Funds are "Employee Pension Benefit Plans" and "Pension Plans" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and therefore are "Employee Benefit Plans" and "Plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3). The Funds are also "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Funds were established and are maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4. C.N.B. Construction LLC ("C.N.B."), at all relevant times an Indiana limited liability company having its principal office in Griffith, Indiana, is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

5. C.N.B. is a party to Collective Bargaining Agreements ("CBAs") with Local Union No. 142 of the International Brotherhood of Teamsters (hereinafter "the Union").

6. C.N.B. employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBAs, and agreements referred to therein.

7. The CBA between the Union and the Employer Four County Highway Contractors Group, as amended by a Memorandum of Agreement dated August 28, 2019, requires C.N.B. to make periodic contributions, on behalf of its employees who perform work covered under those agreements, to the Pension Fund, Annuity Fund, and Training Fund, in amounts established by the applicable CBA and Memorandum of Agreement.

8. The CBA between the Union and the NWI Contractors Association, as amended by a Non-Construction Addendum (a/k/a Steel Mill Addendum) dated August 28, 2019, requires C.N.B. to make periodic contributions, on behalf of its employees who perform work covered under those agreements, to the Pension Fund and Annuity Fund, in amounts established by the applicable CBA and Addendum.

9. The CBAs further provide that the Funds were created by and maintained pursuant to the Trust's Restated Agreement and Declaration of Trust ("Trust Agreement") pursuant to collective bargaining agreements between certain employers and the union.

10. The Restated Trust Agreement provides in Article VI, in pertinent part:

> 6.02  The Trustees, in their fiduciary capacities, shall have the power to demand and collect the Contributions of the Employers to the Trust.  The Trustees may take any and all steps, including the institution and prosecution of and intervention in any legal proceeding, that may be necessary or desirable to effectuate the collection or preservation of Contributions or other moneys which may be due and owing to the Trust...

> 6.03  The Trustees shall have the right to have payroll records of any Employer audited by a reputable firm of certified public accountants... [I]f the Employer is found to be delinquent in Employer Contributions, the Employer shall pay the cost of such audit.

3

>6.04  An Employer delinquent in making Employer Contributions shall be obligated to pay interest on all moneys due the Trust at such rates as the Trustees shall from time to time determine or, if no such interest rate has been determined by them, at the interest rate assessed from time to time under the Internal Revenue Code on delinquent income taxes, which rate shall be applied in a uniform and non-discriminatory manner, together with all expenses of collection incurred by the Trustees, including costs and legal fees.
>
>....
>
>6.05  The Trustees shall have the authority to assess liquidated damages against an Employer who is delinquent in making Employer Contributions.  This charge shall be in an amount that the Trustees shall from time to time determine and shall constitute liquidated damages and not a penalty, it being agreed that the trust in fact sustains actual damages as a result of such delinquencies and it being further agreed that the amount and extent of such damages are difficult if not impossible to ascertain.
>
>....
>
>6.07  Each Employer shall promptly furnish to the Trustees, on demand, the names of its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust.  The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust...

## CAUSE OF ACTION

11. C.N.B. has violated its obligations under the CBA, the terms of the Trust, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a), in that it has failed to pay the required contributions to the Funds from the period of November 2020 through current.

4

12.   Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless C.N.B. is ordered to specifically perform all of its obligations required under the CBA, specifically payment of all required Fund contributions and accrued interest.

WHEREFORE, Plaintiffs request that the Court enter a Judgment and Order, pursuant to the provisions of Sections 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2):

A.   Finding and declaring that Defendant is in violation of the Collective Bargaining Agreements, as amended, the Trust Agreement, Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301(a) of LMRA, 29 U.S.C. § 185(a);

B.   Ordering Defendant to submit to and fully cooperate with a payroll audit, and to pay Plaintiffs the cost of the payroll audit;

C.   Ordering Defendant to pay to the Funds all delinquent contributions and all contributions currently owed;

D.   Ordering Defendant to pay Plaintiffs interest on all delinquent contributions to the Funds;

E.   Ordering Defendant to pay Plaintiffs liquidated damages in the amount of 20% of all delinquent contributions to the Funds;

F.   Ordering Defendant to pay Plaintiffs their reasonable attorneys' fees and costs;

G.   Granting Plaintiffs such other and further relief as the Court may deem just.

By:   /s/ Teresa A. Massa
     Teresa A. Massa, #16133-45
     PO Box 8882
     Michigan City, IN   46361-8882
     (219) 465-1766
     Attorney for Plaintiffs