UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   NO. 2:21 CV 213-PPS-JPK<br>) |
| C.N.B. CONSTRUCTION LLC, | )<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund, filed a motion for default judgment against Defendant C.N.B. Construction LLC. [DE 7.]  The request is supported by a memorandum [DE 8] as well as an affidavit of Jay Smith, Fund Manager of Teamsters Union No. 142 Pension Fund, Training and Apprenticeship Trust Fund, and Annuity Fund [DE 8-1], and an affidavit of attorney's fees [DE 8-8]. For the following reasons, I will grant Plaintiffs' motion for default judgment and grant the requested damages as against Defendant C.N.B. Construction LLC.

**Background**

Plaintiffs are trustees of a multi-employer pension fund, training trust fund, and annuity fund. They filed this collection action against the Defendant/Employer, C.N.B. Construction LLC, pursuant to Section 502(a)(3), (e)(1), and (f) of the Employment

Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f), and 1145 and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a), seeking to obtain unpaid benefit fund contributions.

The collective bargaining agreements ("CBAs") with Teamsters Union Local No. 142 (the "Union") and the Restated Trust Agreement [DE 8-2, 8-3, 8-7] require C.N.B. to pay contributions on behalf of employees performing work under the CBAs. Despite those written agreements, C.N.B. has failed to pay the required contributions.

Plaintiffs filed suit on July 3, 2021. [DE 1.] Summons was issued and returned executed as to defendant C.N.B. [DE 3, 4.] C.N.B. has not appeared by counsel, or filed any answer or other responsive pleading.

On August 9, 2021, Plaintiffs requested the Clerk enter default, and obtained entry of default that same day against C.N.B. [DE 5, 6.]

Plaintiffs filed a motion for default judgment on October 12, 2021. [DE 7.] Defendant C.N.B. has not filed an appearance, answer to the complaint, or any response to the motion for default judgment.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). In this case, default has been entered against the defendant by the Clerk.

Once the default has been established, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. So long as the allegations are well-pled, a default judgment generally "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quotation omitted); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

When a party applies for default judgment under Rule 55(b)(2), I am required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals*, 433 F.Supp.2d at 941. I must consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals*, 433 F.Supp.2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008). Thus if the complaint establishes the requisite elements of liability on a claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v.*

*All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d at 793. In other words, I still have to decide whether damages are appropriate, and in what amount.

In turning to the factors to consider when deciding a motion for default judgment, I first note that there is no material issue of fact. C.N.B. is a party to two CBAs with the Union. C.N.B. is a member of the Four County Highway Contractor's Group, which is a signatory to a CBA with the Union. [DE 8-2.] The CBA required C.N.B. to make periodic contributions on behalf of employees performing work covered under the CBA. [DE 8-1, 8-2.] C.N.B. is also a member of the Northwest Indiana Contractors Association ("NWICA"), which entered into a CBA with the Union for the period of June 1, 2020, through May 31, 2023. [DE 8-1 at 2; DE 8-3.] The NWICA CBA, as amended by the C.N.B. Construction LLC Non-Construction Addendum, requires C.N.B. to make periodic contributions on behalf of its employees of Plaintiffs' Pension Fund, Training and Apprentice Fund and Annuity Fund in the amounts established by the CBA. [DE 8-1 at 2; DE 8-3, Article 14, Addendum.]

The default in this case was not just largely technical. As outlined in the Smith affidavit, C.N.B. routinely failed to pay contributions despite frequent demands from the fund's collection office. [DE 8-1 at 2.] After this suit was filed on July 3, 2021, C.N.B.

4

made a partial payment, but additional amounts owed keep accruing each month. [*Id.*] The declarations prepared by Smith show that C.N.B. owes more than $150,000 in contributions alone, plus ancillary costs and fees, which is substantial prejudice to Plaintiffs. [*Id.* at 3-4.]

C.N.B. owes contribution on two accounts: 1523 and 1524. The Trust Agreement provides that if employers are delinquent in contributions, the Trustees may take any steps necessary to collect the funds, and C.N.B. shall pay interest on all money due, and all expenses of collection incurred by the Trustees, including costs and legal fees. [DE 8-1 at 3-4; DE 9-7, Art. VI.] Additionally, the agreement and Employer Collection Policy require delinquent employers to pay liquidated damages in the sum of 20% of the total amount due, and attorney fees and costs. [DE 8-1 at 3; DE 8-4; DE 8-7.]

ERISA requires obligated employers to contribute funds pursuant to the terms of a CBA. 29 U.S.C. § 1145. Here, the CBAs explicitly require contribution to the Plaintiffs' funds, and the Trust Agreement outlines the consequences of delinquent contributions. Smith's affidavit and the attached exhibits summarize the delinquent contributions and ancillary amounts owed. Because defendant C.N.B. has failed to contest the allegations, it is liable for the delinquent contributions, interest, liquidated damages, and attorney fees and costs.

Because Plaintiffs are entitled to a default judgment on their claims, I must also determine the amount of damages. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *See Yang v.*

5

*Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co.*, 722 F.2d at 1323. But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, like in this case, such a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

Plaintiffs have provided this information. Under section 1132(g)(2), a mutli-employer plan that is awarded a judgment under section 1145 is entitled to be paid: (1) delinquent contributions; (2) interest at the rate specified in the plan; (3) the greater of interest or liquidated damages of up to 20% as specified in the plan; (4) reasonable attorney's fees and costs; and (5) other legal or equitable relief that the court deems appropriate. 29 U.S.C. § 1132(g)(2). Courts have held that the award of these remedies is mandatory when the plan prevails. *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 608 (7th Cir. 2002).

Plaintiffs have established through the Smith affidavit that for Account 1523, C.N.B. owes delinquent contributions in the amount of $148,291.68 to the Pension Fund; $39,271.43 is owed to the Annuity Fund; and $7,560.68 is owed to the Training Fund. [DE 8-1 at 3-4; DE 8-5.] The total amount of interest currently owed by C.N.B. to the Pension Fund is $5,732.93; $2,350.14 to the Annuity Fund; and $295.27 to the Training Fund. [DE 8-1 at 3; DE 8-5.] Liquidated damages owed by C.N.B. is $29,658.33 to the Pension Fund; $7,854.28 to the Annuity Fund; and $1,512.13 to the Training Fund. [DE

6

8-1 at 3-4.]

For Account 1524, the Smith affidavit also established that contributions currently owed to the Pension Fund are $7,021.84. [DE 8-1 at 3.] The total amount of interest currently owed by C.N.B. to the Pension Fund is $561.08, and it owes $170.93 in interest to the Annuity Fund. [DE 8-1 at 3; DE 8-5.] Liquidated damages owed by C.N.B. is $1,404.36 to the Pension Fund. [DE 8-1 at 4.]

Finally, the Smith affidavit and the attorney fee affidavit also establish that C.N.B. owes attorney fees and costs in the amount of $2,210.20. [DE 8-1 at 4; DE 8-8, 8-9.]

Defendant C.N.B. has not disputed any of the amounts claimed.

**ACCORDINGLY:**

Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund, Motion for Default Judgment [DE 7] is GRANTED. The Clerk is directed to enter default in the total amount of $253,895.27 in favor of Plaintiffs and against Defendant C.N.B. Construction LLC. SO ORDERED.

ENTERED: November 16, 2021

                                       s/ Philip P. Simon
                                       PHILIP P. SIMON, JUDGE
                                       UNITED STATES DISTRICT COURT